GAJARSA, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to summarily affirm the decision of the Court of Appeals for Veterans Claims that dismissed the appeal of Paciencia D. Lob-eras as untimely. Loberas has not responded. We consider whether Loberas’s appeal must be dismissed for lack of jurisdiction.
The Board of Veterans Appeals issued its decision in Loberas’s case and informed Loberas of her appeal rights on June 28, 1996. Loberas filed a motion for reconsideration with the Chairman on July 17, 1996. That motion was denied by the Chairman on September 6, 1996. The letter denying reconsideration informed Lob-eras of her appeal rights. The Chairman thereafter denied four additional motions for reconsideration filed by Loberas. The four latter motions were not filed within 120 days of the Board’s decision.
Loberas appealed on July 31, 2000. The Court of Appeals for Veterans Claims treated this appeal as an appeal of the Board’s June 28,1996 decision. The Court of Appeals for Veterans Claims ordered that Loberas respond to the timeliness of her appeal. Loberas responded, although not to the timeliness issue, and the Court of Appeals for Veterans Claims dismissed the appeal on December 14, 2000. Loberas timely appealed that dismissal to this court.
The Secretary argues that the decision of the Court of Appeals for Veterans Claims should be summarily affirmed. Summary disposition of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). However, in the present case, we are without jurisdiction to review Lob-eras’s case. We have considered Loberas’s informal brief submitted to this court, but we note that Loberas does not address the issue on appeal, i.e., whether her appeal to the Court of Appeals for Veterans Claims was timely filed. Loberas does not raise an issue within our jurisdiction. See 38 U.S.C. § 7292(a) (a party “may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision”); 38 U.S.C. § 7292(d)(2) (“[except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case”).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion for summary affirmance is denied.
(2) Loberas’s appeal is dismissed for lack of jurisdiction.
(3) Each side shall bear its own costs.